FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
10/10/2022 12:19 PM
CV 2022 10 1693

## COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| **CALVARY INDUSTRIES INC** <br> **9233 SEWARD ROAD** <br> **FAIRFIELD, OH 45014** <br><br> Plaintiff, <br><br> v. <br><br> **JOAO GOMEZ** <br> **15611 Forest Creek Farms** <br> **Cypress, TX  77429** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. ___ ___ ___ ___ <br><br> Judge _____ __ <br><br><br> **COMPLAINT** |

CALVARY Industries Inc. for its Complaint against Joao Gomez, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Calvary Industries Inc. ("Calvary") is an Ohio Corporation located at 9233 Seward Rd. Fairfield, OH 45014, with its principal place of business in Butler County, OH.

2. Calvary formulates and produces blended process chemicals and other products.

3. Joao Gomez ("Defendant") is a resident of Cypress, Texas and is a former employee of Calvary.

4. Defendant is a current employee of Bulk Chemicals Inc.

5. Bulk Chemicals Inc. is a direct competitor of Calvary.

6. This Court has subject matter jurisdiction over this controversy and personal jurisdiction over the parties hereto.

7. Venue is proper in the Court of Common Pleas for Butler County.

## FACTUAL AND PROCEDURAL BACKGROUND

8. At the outset of his employment with Calvary and as a condition of his employment, Defendant was required to enter into an Employment Agreement (the "Agreement"), containing certain restrictive covenants, including a confidentiality provision and provisions prohibiting the solicitation of customers for a certain limited time period.

9. Defendant signed the "Agreement" with Calvary on April 22, 2014 and was the Agreement was executed by Calvary on April 22, 2014 (see attached Agreement Exhibit 1).

10. Defendant held a trusted position representing the business interests of Calvary as Director of Sales for Mexico and Technical Sales Representative in the states of Texas and Oklahoma from April 22, 2014, until his resignation on October 25, 2021.

11. Defendant's agreement included a Non-Disclosure provision defining Confidential Information that Defendant had access to for the benefit of Calvary's business interests. (Agreement, Section 3)

12. Defendant agreed that all Calvary Property was to be used exclusively for Calvary's benefit, which included, but was not limited to, Confidential Information, customer lists, customer product needs and pricing information. (Agreement, Section 4)

13. In Agreement Section 5 Defendant agreed to specific employment and post-employment restrictions as follows:

**Employment and Post-Employment Restrictions.**

During and for eighteen (18) months immediately following termination of your employment, you will not, by yourself or through another person or through another entity:

a) Solicit, offer to sell, or sell any products or provide any services, which compete with or displace Calvary's products or services to those customers who were provided Calvary products or services at any time during the (18) months preceding termination of your employment at Calvary or its affiliates and;

b) Solicit, support, offer to sell, or sell any products or displace Calvary's products or services to those customers and their branches, plants and offices, which you called on, supported, contacted, were introduced to, or performed services for eighteen (18) months preceding termination of your employment with Calvary or its affiliates and;

c) Employ, solicit, or endeavor to entice away from Calvary (whether for your own benefit or on behalf of another person or entity) any employees of Calvary to leave the employ of Calvary or to work for any competitor of Calvary, nor will you otherwise attempt to interfere (to Calvary's detriment), in the relationship between Calvary and any such employees.

    d)  Recipient further acknowledges that Calvary has customers and representatives in regional territories across North America, as identified in Exhibit A hereto ("Defined Territories"); and acknowledges further that Calvary may from time to time modify and/ or expand the territories in which it transacts business. You and Calvary agree that, without the necessity to re-execute or modify this Agreement, Exhibit A and the Defined Territories shall be deemed automatically amended whenever Calvary modifies and/or expands the locations for the transaction of business; provided however, that Exhibit A shall not be deemed to be so amended for any changes or modification occurring subsequent to the effective date of your termination of employment.

    e)  Your territory as identified in Exhibit B hereto ("Restricted Territories") shall be deemed automatically amended to include all sites, offices, branches and outlying plants for customers to whom you sold, called on or visited during your Employment with Calvary, regardless of their location.

    f)  If any part of this Agreement is deemed by a court or other tribunal to be unenforceable or unreasonable as to scope, activity, territory, duration, or in any other respect, then (i) such finding shall not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect, and (ii) such court or other tribunal may either (a) modify the scope, activity, territory, duration or other aspect of it to such extent as the court or tribunal shall deem necessary to render it reasonable and enforceable, or (b) enforce it partially, to effect a lesser restriction as the court or tribunal shall deem reasonable.

    g)  You acknowledge that the restrictions contained within the agreement are reasonable, both as to duration and your territory (as defined in Exhibit B), to protect the Company's legitimate business interests.

14. Defendant acknowledged that his employment with Calvary was contingent upon signing the Agreement, and that he was informed of the requirements governing employment restrictions. (Agreement, Section 13)

15. Subsequent to Defendant's resignation, Calvary learned that the Defendant sought and accepted employment with Bulk Chemicals Inc, a direct competitor.

16. Subsequent to Defendant's resignation, Calvary determined Defendant has used Calvary's confidential information for the benefit of Bulk Chemicals.

## COUNT 1

## BREACH OF CONTRACT

17. Calvary re-alleges and incorporates the foregoing paragraphs of the Complaint as if fully set forth herein.

18. Defendant misused Calvary resources, training and /or Confidential Information for the benefit of Bulk Chemicals Inc.

19. Defendant has violated and continues to violate post-employment restrictions engaging and/or assisting business entities that are in the same line of business as Calvary.

20. As a result of Defendant's conduct, Calvary has been and will continue to be irreparably harmed.

21. Calvary's remedy at law is inadequate.

22. To prevent Calvary from suffering further harm, Defendant should be restrained or enjoined from possessing, disclosing, and/or misusing Calvary Confidential Information.

23. Calvary also has suffered economic loss.

## COUNT 2

## MISAPPROPRIATION OF TRADE SECRETS

24. Calvary re-alleges and incorporates the foregoing paragraphs of the Complaint as if fully set forth herein.

25. Calvary's Confidential Information constitute "trade secrets" under Ohio's Uniform Trade Secrets Act, O.R.C. §§ 1333.61 to 1333.69.

26. By possessing, disclosing and/or making use of Calvary's Confidential Information for the benefit of a competing business entity, Defendant misappropriated Calvary's trade secrets.

27. Defendant willfully and maliciously misappropriated Calvary's trade secrets.

28. As a result of Defendant's conduct, Calvary has been and will continue to be irreparably harmed. Calvary's remedy at law is inadequate.

29. To prevent Calvary from suffering further harm, Defendant should be restrained or enjoined from possessing, disclosing, and/or misusing Calvary trade secrets and an order to return to Calvary any personal property containing Calvary trade secrets, which includes any electronic device used by Defendant where such information has been stored or is currently stored.

30. Calvary has suffered economic loss and is entitled to an award of damages, attorney fees and costs as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff Calvary prays for judgment as follows:

 (a) a preliminary injunction during the pendency of this action and a permanent injunction thereafter restraining and enjoining Defendant from disclosing and/or making use of Calvary's Confidential Information and trade secrets;

(b) an order granting Calvary immediate possession of any Calvary property in Defendant's possession—including any electronic device used by Defendant where such information has been stored or is currently stored—during the pendency of this action and thereafter;

(c) an award for damages, attorney fees and costs in excess of $200,000

(d) any other relief at law or in equity this Court deems proper.

*/s/ Thomas E. Grossmann*

Thomas E. Grossmann (0017965)
4533 Morris Court
Mason. OH 45040
(513) 257-6789
TEG@TomGrossmann.com
*Attorney for Plaintiff, Calvary Industries LLC*